FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Silvia Badiano, | | |
| | Plaintiff, | |
| v. | | |
| Harper College, | | **08 C 1063** |
| | Defendant. | |

**JUDGE ZAGEL**
**MAGISTRATE JUDGE BROWN**

**COMPLAINT FOR VIOLATIONS OF TITLE I OF THE
AMERICANS WITH DISABILITIES ACT OF 1990,
42 U.S.C. § 12101, *et seq*., AND
THE REHABILITATION ACT OF 1973,
29 U.S.C. §701, *et seq.***

Plaintiff Silvia Badiano, by and through her attorneys Jason M. Johnson and Aaron B. Maduff of Maduff & Maduff, LLC, for her Complaint alleges and states as follows.

**Introduction**

1.  Plaintiff worked for Defendant, a public college, as a Language Lab Assistant in its ESL Department from 1987 until she was discharged in December 2006. Plaintiff was diagnosed with epilepsy in 1988. The side effects of her anti-convulsant medication and her propensity to have seizures at night preclude her from working during the nighttime hours. For 18 years, Defendant accommodated Plaintiff's disability by allowing her to only work the day shift. However, in January 2006, Plaintiff's new supervisor threatened that if she could not work one night a week, she might lose her job or she would be reclassified as a temporary employee, resulting in the loss of her benefits. Plaintiff reminded her supervisor of her previous accommodation; however, her supervisor denied her request, reduced her hours, and papered her personnel file. Plaintiff met with

administration and Human Resources officials of Defendant to again request an accommodation for her disability, but these officials stated they could do nothing for her and that she should apply for disability insurance. Plaintiff's disability insurance was denied when Defendant informed the insurance company that her position did not require her to work at night. Defendant subsequently terminated Plaintiff while she was appealing the denial of her disability insurance. Now, due to the deterioration of her health as a result of Defendant's treatment of her with respect to her disability, she may never work again.

## Parties

2. Plaintiff, Silvia Badiano (hereinafter "Plaintiff" or "Ms. Badiano"), is a citizen of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times hereto, Ms. Badiano was an "employee" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(4). In addition, Ms. Badiano is an "otherwise qualified individual with a disability," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §§705 and 794.

3. Defendant, William Rainey Harper College (hereinafter "Harper"), is a public institution operating within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Harper is and has been at all times relevant hereto an "employer" as that term is defined in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(5)(A). In addition, Harper is and has been at all times a "program or activity receiving Federal financial assistance," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §794.

## Jurisdiction

Case 1:08-cv-01063    Document 1    Filed 02/20/2008    Page 2 of 10

administration and Human Resources officials of Defendant to again request an accommodation for her disability, but these officials stated they could do nothing for her and that she should apply for disability insurance. Plaintiff's disability insurance was denied when Defendant informed the insurance company that her position did not require her to work at night. Defendant subsequently terminated Plaintiff while she was appealing the denial of her disability insurance. Now, due to the deterioration of her health as a result of Defendant's treatment of her with respect to her disability, she may never work again.

**Parties**

2. Plaintiff, Silvia Badiano (hereinafter "Plaintiff" or "Ms. Badiano"), is a citizen of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times hereto, Ms. Badiano was an "employee" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(4). In addition, Ms. Badiano is an "otherwise qualified individual with a disability," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §§705 and 794.

3. Defendant, William Rainey Harper College (hereinafter "Harper"), is a public institution operating within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Harper is and has been at all times relevant hereto an "employer" as that term is defined in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(5)(A). In addition, Harper is and has been at all times a "program or activity receiving Federal financial assistance," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §794.

**Jurisdiction**

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Constitution, laws, or treaties of the United States and involves federal questions based upon the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act").

5. On or about December 14, 2006, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-01840, alleging discrimination based on her disability and retaliation for requesting an accommodation for her disability. (Exhibit A).

6. On or about June 5, 2007, the EEOC determined that there was reasonable cause to believe that Plaintiff had been discriminated and retaliated against, in violation of the Americans with Disabilities Act. The EEOC's subsequent conciliation efforts failed.

7. On or about January 16, 2008, the EEOC issued a Notice of Right to Sue, which Plaintiff received on January 19, 2008. (Exhibit B).

8. This case is filed within ninety days of receipt of the Notice of Right to Sue and is therefore timely filed for purposes of the ADA.

9. This case is filed within 2 years of the date of the discrimination and retaliation against Plaintiff and is therefore timely filed for purposes of the Rehabilitation Act.

**Venue**

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this District and all parties reside in this District.

**Factual Allegations**

11. Ms. Badiano began employment with Harper in 1987. During the time

relevant to this Complaint, she held the position of Language Lab Assistant in Harper's ESL Department.

12. Ms. Badiano was diagnosed with epilepsy in or about 1988, although she had experienced seizures before her diagnosis.

13. Ms. Badiano experiences severe side effects from the medication she takes to control her seizures, including extreme drowsiness, difficulty concentrating, and memory loss.

14. During her employment with Harper, Ms. Badiano only took her anti-convulsant medication at night so that she could satisfactorily perform her duties during her scheduled day shift.

15. Ms. Badiano also needed to work during the day because her seizures normally occurred during the nighttime hours.

16. Early in her employment, Harper became aware that Ms. Badiano had epilepsy:

    a. She had experienced seizures while at work.

    b. Her supervisor, Lois Lundquist, had sent memoranda instructing employees what to do if Ms. Badiano had a seizure at work.

17. From 1987 until January 2006, as an accommodation for her disability, Ms. Badiano was not required to work at night.

18. With this accommodation, Ms. Badiano was able to perform the essential functions of her job.

19. During her employment with Harper, Ms. Badiano consistently received excellent performance evaluations.

20. In or about May 2005, Lundquist became Ms. Badiano's new supervisor.

21. Around the same time, Ms. Badiano began to have seizures more frequently, approximately three times a month.

22. In October 2005, Lundquist informed Ms. Badiano that her job description was changing and, as of the end of January 2006, she would be required to work one night a week.

23. As an accommodation for her disability, Ms. Badiano requested that she not be required to work at night.

24. In January 2006, Lundquist threatened Ms. Badiano in writing and orally that if she did not work the night shift, she could lose her job or her hours would be reduced from 29 to 21 a week, resulting in her being reclassified as a temporary part-time employee.

25. Reclassification from permanent to temporary status would cause Ms. Badiano to lose her benefits, including sick days, vacation, and holidays.

26. Ms. Badiano again requested of Lundquist that she be able to work 29 hours a week, without having to work at night, as a reasonable accommodation for her disability.

27. On or about January 23, 2006, Lundquist denied Ms. Badiano's request and reduced her scheduled hours from 29 to 21 per week.

28. On January 25, 2006, Ms. Badiano provided Lundquist with a note from her doctor stating that she needed to work restricted hours, from 9 am to 5 pm, due to her neurological condition.

29. All Language Lab Assistants performed the same basic duties.

30. Since October 2005, other Language Lab Assistants had expressed to Lundquist their interest in trading a shift with Ms. Badiano so that she would not have to work the night shift.

Notwithstanding, Lundquist did not allow employees to trade shifts with Ms. Badiano.

31.     After Ms. Badiano requested an accommodation for her disability, Lundquist criticized her work and papered her personnel file.

32.     Ms. Badiano had never received a single negative comment regarding her work performance in her previous 18 years of employment with Harper.

33.     On February 16, 2006, Ms. Badiano met with Lundquist and Daniel Corr, Associate Vice President Academic Affairs and Dean of Language Studies, to request an accommodation for her disability. At that meeting, Corr informed Ms. Badiano that he could do nothing to accommodate her disability and that she should seek help from Human Resources.

34.     On April 20, 2006, Ms. Badiano met with representatives from Harper's Human Resources Department to again request an accommodation for her disability. Human Resources also stated that Harper could do nothing to help her and suggested she apply for disability insurance through the State University Retirement Systems of Illinois ("SURS").

35.     None of Harper's personnel ever discussed an alternative accommodation with Ms. Badiano.

36.     The last day Ms. Badiano actually performed work for Harper was April 21, 2006, at which time she applied for disability insurance, as Human Resources had suggested.

37.     On or about April 21, 2006, in spite of her earlier refusal to rearrange the schedule so that Ms. Badiano would not have to work at night and would still be able to attain 29 hours a week, Lundquist gave Ms. Badiano's night shift to an employee who had previously offered to trade shifts with Ms. Badiano.

38.     On October 9, 2006, Ms. Badiano was denied disability insurance when

Harper informed SURS that her position did not require her to work at night.

39.    Harper terminated Ms. Badiano's employment on December 1, 2006, while she was appealing SURS's determination that she was not eligible for disability insurance.

40.    As a result of the stress and humiliation associated with her request for accommodation, criticism of her work, and losing her job, Ms. Badiano's incidence of seizures increased and her level of cognitive function decreased dramatically.

41.    In November 2007, SURS finally approved Ms. Badiano for disability insurance, based on her neurologist's diagnosis that she is unable to work.

42.    Ms. Badiano's inability to work stems from Harper's treatment of her with respect to her disability.

43.    In June 2007, the Equal Employment Opportunity Commission determined that there was reasonable cause to believe that Harper discriminated against Ms. Badiano by denying her a reasonable accommodation and retaliated against her after she requested an accommodation for her disability.

## Count I
### Demand for Relief for Disability Discrimination in the Failure to Accommodate a Disability in Violation of The Americans with Disabilities Act
### 42 U.S.C. § 12101, *et seq.*

44.    Plaintiff restates and realleges paragraphs 1 thru 43 as paragraph 44 of this Count I.

45.    By virtue of the foregoing Plaintiff is a qualified individual with a disability for the purposes of the Americans with Disabilities Act ("ADA").

46. By virtue of the foregoing, Defendant failed to provide reasonable accommodations for Plaintiff, in violation of the ADA.

47. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation, and other damages of both a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff Silvia Badiano respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for back pay, lost benefits, front pay, compensatory damages, attorney's fees and costs, and for such other relief this Court deems just and equitable.

### Count II
### Demand for Relief for Retaliation in Violation of
### The Americans with Disabilities Act,
### 42 U.S.C. § 12101, *et seq.*

48. Plaintiff restates and realleges paragraphs 1 through 47 as paragraph 48 of this Count II.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff for requesting a reasonable accommodation, in violation of the ADA.

50. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation and other damages of both a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff Silvia Badiano respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for back pay, lost benefits, front pay, compensatory damages, attorney's fees and costs, and for such other relief this Court deems just and equitable.

### Count III
### Demand for Relief for Disability Discrimination
### in the Failure to Accommodate a Disability
### in Violation of The Rehabilitation Act of 1973,
### 29 U.S.C. §701, *et seq.*

51.     Plaintiff restates and realleges paragraphs 1 thru 50 as paragraph 51 of this Count III.

52.     By virtue of the foregoing Plaintiff is an otherwise qualified individual with a disability for the purposes of the Rehabilitation Act of 1973 (the "Rehabilitation Act").

53.     By virtue of the foregoing, Defendant failed to provide reasonable accommodations for Plaintiff, in violation of the Rehabilitation Act.

54.     As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation, and other damages of both a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff Silvia Badiano respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for back pay, lost benefits, front pay, compensatory damages, attorney's fees and costs, and for such other relief this Court deems just and equitable.

### Count IV
### Demand for Relief for Retaliation in Violation of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.*

55.     Plaintiff restates and realleges paragraphs 1 through 54 as paragraph 55 of this Count IV.

56.     By virtue of the foregoing, Defendant retaliated against Plaintiff for requesting a reasonable accommodation, in violation of the Rehabilitation Act

57.     As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation and other damages of both a pecuniary and non-pecuniary nature.

WHEREFORE, Plaintiff Silvia Badiano respectfully requests that this Honorable Court enter judgment in her favor and against Defendant for back pay, lost benefits, front pay, compensatory damages, attorney's fees and costs, and for such other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

        Respectfully submitted,

        Silvia Badiano

        _____
        By one of her attorneys

Jason M. Johnson
Atty. No. 6286500
Aaron B. Maduff
Atty. No. 6226932
Maduff & Maduff, LLC
One East Wacker Dr., Suite 2122
Chicago, Illinios 60601
312/276-9000