IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SILVIA BADIANO,                )<br>                                          )<br>       Plaintiff,                      )<br>                                          )<br>v.                                        )<br>                                          )<br>HARPER COLLEGE,            )<br>                                          )<br>       Defendant.                  )  | Cause No. 08 C 1063<br><br>JUDGE ZAGEL<br>MAGISTRATE JUDGE BROWN |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Now comes the Defendant, **HARPER COLLEGE** (hereinafter "Harper" or "Defendant"), by and through its attorneys, ROBBINS, SCHWARTZ, NICHOLAS, LIFTON & TAYLOR, LTD., and for its Answer and Affirmative Defenses to Plaintiff's Complaint alleges and states as follows.

**INTRODUCTION**

1.  Plaintiff worked for Defendant, a public college, as a Language Lab Assistant in its ESL Department from 1987 until she was discharged in December 2006. Plaintiff was diagnosed with epilepsy in 1988. The side effects of her anti-convulsant medication and her propensity to have seizures at night preclude her from working during the nighttime hours. For 18 years, Defendant accommodated Plaintiff's disability by allowing her to only work the day shift. However, in January 2006, Plaintiff's new supervisor threatened that if she could not work one night a week, she might lose her job or she would be reclassified as a temporary employee, resulting in the loss of her benefits. Plaintiff reminded her supervisor of her previous accommodation; however, her supervisor denied her request, reduced her hours, and papered her personnel file. Plaintiff met with administration and Human Resources officials of Defendant to again request her accommodation for her disability, but these officials stated they could do nothing for her and that she should apply for disability insurance. Plaintiff's disability insurance was denied when Defendant informed the insurance company that her position did not require her to work at night. Defendant subsequently terminated Plaintiff while she was appealing the denial of her disability insurance. Now, due

to the deterioration of her health as a result of Defendant's treatment of her with respect to her disability, she may never work again.

**ANSWER TO PARAGRAPH 1:** Defendant admits that plaintiff was employed with Harper College from 1987 to 2006 as a Language Lab Assistant, and denies the remaining allegations contained in paragraph 1.

## PARTIES

2. Plaintiff, Silvia Badiano (hereinafter "Plaintiff" or "Ms. Badiano"), is a citizen of the state of Illinois, residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. At all relevant times hereto, Ms. Badiano was an "employee" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(4). In addition, Ms. Badiano is an "otherwise qualified individual with a disability," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §§ 705 and 794.

**ANSWER TO PARAGRAPH 2:** Upon information and belief, Defendant admits that Plaintiff is a citizen of Illinois residing within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Defendant further admits that at all relevant times, Plaintiff was an employee, as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(4). Defendant denies that Plaintiff is an "otherwise qualified individual with a disability," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. §§ 705 and 794.

3. Defendant, William Rainey Harper College (hereinafter "Harper"), is a public institution operating within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division. Harper is and has been at all times relevant hereto an "employer" as that term is defined in the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111(5)(A). In addition, Harper is and has been at all times a "program or activity receiving Federal financial assistance," as that term is defined in the Rehabilitation Act of 1973, 29 U.S.C. § 794.

**ANSWER TO PARAGRAPH 3:** Defendant admits the allegations contained in paragraph 3.

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this cause of action arises under the Constitution, laws, or treaties of the United States and involves federal questions based upon the Americans with Disability Act of 1990 ("ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act").

**ANSWER TO PARAGRAPH 4:** Defendant admits that jurisdiction is proper in this Court.

5. On or about December 14, 2006, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2007-01840, alleging discrimination based on her disability and retaliation for requesting an accommodation for her disability. (Exhibit A).

**ANSWER TO PARAGRAPH 5:** Defendant admits that Plaintiff filed a charge of discrimination alleging disability discrimination and retaliation but denies that any discrimination or retaliation occurred. Defendant further denies that Plaintiff requested an accommodation for a disability.

6. On or about June 5, 2007, the EEOC determined that there was reasonable cause to believe that Plaintiff had been discriminated and retaliated against, in violation of the Americans with Disabilities Act. The EEOC's subsequent conciliation efforts failed.

**ANSWER TO PARAGRAPH 6:** Defendant admits the allegations contained in paragraph 6.

7. On or about January 16, 2008, the EEOC issued a Notice of Right to Sue, which Plaintiff received on January 19, 2008. (Exhibit B).

**ANSWER TO PARAGRAPH 7:** Defendant admits that a Notice of Right to Sue was issued on January 16, 2008 by the Department of Justice, Civil

Rights Division. On information and belief, Defendant admits Plaintiff received the Notice on January 19, 2008.

　　　　8.　　This case is filed within ninety days of receipt of the Notice of Right to Sue and is therefore timely filed for purposes of the ADA.

　　　　**ANSWER TO PARAGRAPH 8:**　　Defendant admits the allegations contained in paragraph 8.

　　　　9.　　This case is filed within 2 years of the date of the discrimination and retaliation against Plaintiff and is therefore timely filed for purposes of the Rehabilitation Act.

　　　　**ANSWER TO PARAGRAPH 9:**　　Defendant denies the allegations contained in paragraph 9.

## VENUE

　　　　10.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the facts giving rise to this cause of action occurred in this District and all parties reside in this District.

　　　　**ANSWER TO PARAGRAPH 10:**　　Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

　　　　11.　　Ms. Badiano began employment with Harper in 1987. During the time relevant to this Complaint, she held the position of Language Lab Assistant in Harper's ESL Department.

　　　　**ANSWER TO PARAGRAPH 11:**　　Defendant admits the allegations contained in paragraph 11.

　　　　12.　　Ms. Badiano was diagnosed with epilepsy in or about 1988, although she had experienced seizures before her diagnosis.

4

**ANSWER TO PARAGRAPH 12:** Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies same.

13. Ms. Badiano experiences severe side effects from the medication she takes to control her seizures, including extreme drowsiness, difficulty concentrating, and memory loss.

**ANSWER TO PARAGRAPH 13:** Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies same.

14. During her employment with Harper, Ms. Badiano only took her anti-convulsant medication at night so that she could satisfactorily perform her duties during her scheduled day shift.

**ANSWER TO PARAGRAPH 14:** Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies same.

15. Ms. Badiano also needed to work during the day because her seizures normally occurred during the nighttime hours.

**ANSWER TO PARAGRAPH 15:** Defendant denies the allegations contained in paragraph 15.

16. Early in her employment, Harper became aware that Ms. Badiano had epilepsy:

    a. She had experienced seizures while at work.

    b. Her supervisor, Lois Lundquist, had sent memoranda instructing employees what to do if Ms. Badiano had a seizure at work.

**ANSWER TO PARAGRAPH 16:** Defendant admits that Plaintiff experienced seizures at work and denies all remaining allegations contained in paragraph 16.

17.   From 1987 until January 2006, as an accommodation for her disability, Ms. Badiano was not required to work at night.

**ANSWER TO PARAGRAPH 17:** Defendant admits that prior to January 2006 Language Lab assistants were not scheduled to work at night and denies all remaining allegations of paragraph 17.

18.   With this accommodation, Ms. Badiano was able to perform the essential functions of her job.

**ANSWER TO PARAGRAPH 18:** Defendant denies the allegations contained in paragraph 18.

19.   During her employment with Harper, Ms. Badiano consistently received excellent performance evaluations.

**ANSWER TO PARAGRAPH 19:** Defendant denies the allegations contained in paragraph 19.

20.   In or about May 2005, Lundquist became Ms. Badiano's new supervisor.

**ANSWER TO PARAGRAPH 20:** Defendant admits the allegations contained in paragraph 20.

21.   Around the same time, Ms. Badiano began to have seizures more frequently, approximately three times a month.

**ANSWER TO PARAGRAPH 21:** Defendant denies the allegations contained in paragraph 21.

22.   In October 2005, Lundquist informed Ms. Badiano that her job description was changing and, as of the end of January 2006, she would be required to work one night a week.

**ANSWER TO PARAGRAPH 22:** Defendant admits that in October 2005 all Language Lab Assistants were told that the job requirements for their position were changing due to the needs of the College.

23.   As an accommodation for her disability, Ms. Badiano requested that she not be required to work at night.

**ANSWER TO PARAGRAPH 23:** Defendant admits that Plaintiff requested that she not be required to work at night because she did not have night-time transportation and denies the remaining allegations contained in paragraph 23.

24.   In January 2006, Lundquist threatened Ms. Badiano in writing and orally that if she did not work the night shift, she could lose her job or her hours would be reduced from 29 to 21 a week, resulting in her being reclassified as a temporary part-time employee.

**ANSWER TO PARAGRAPH 24:** Defendant admits that Plaintiff was counseled that working one night a week was a requirement of her job and denies all remaining allegations of paragraph 24.

25.   Reclassification from permanent to temporary status would cause Ms. Badiano to lose her benefits, including sick days, vacation and holidays.

**ANSWER TO PARAGRAPH 25:** Defendant admits that in order to be eligible for benefits, part-time employees were required to work at least 29 hours per week and denies the remaining allegations of paragraph 25.

26.   Ms. Badiano again requested of Lundquist that she be able to work 29 hours a week, without having to work at night, as a reasonable accommodation for her disability.

**ANSWER TO PARAGRAPH 26:** Defendant admits that Plaintiff requested that she not be required to work at night because she did not have transportation and denies the remaining allegations contained in paragraph 26.

27. On or about January 23, 2006, Lundquist denied Ms. Badiano's request and reduced her scheduled hours from 29 to 21 per week.

**ANSWER TO PARAGRAPH 27:** Defendant admits that in February 2006 Plaintiff's hours were reduced to 21 per week and denies the remaining allegations contained in paragraph 27.

28. On January 25, 2006, Ms. Badiano provided Lundquist with a note from her doctor stating that she needed to work restricted hours, from 9 a.m. to 5 p.m., due to her neurological condition.

**ANSWER TO PARAGRAPH 28:** Defendant admits the allegations contained in paragraph 28.

29. All Language Lab Assistants performed the same basic duties.

**ANSWER TO PARAGRAPH 29:** Defendant admits the allegations of paragraph 29 and affirmatively asserts that Plaintiff was the only permanent part-time employee in the ESL Lab while other assistants were students enrolled at the College and eligible to only work restricted hours.

30. Since October 2005, other Language Lab Assistants had expressed to Lundquist their interest in trading a shift with Ms. Badiano so that she would not have to work the night shift. Notwithstanding, Lundquist did not allow employees to trade shifts with Ms. Badiano.

**ANSWER TO PARAGRAPH 30:** Defendant denies the allegations contained in paragraph 30.

31. After Ms. Badiano requested an accommodation for her disability, Lundquist criticized her work and papered her personnel file.

**ANSWER TO PARAGRAPH 31:** Defendant denies the allegations contained in paragraph 31.

32. Ms. Badiano had never received a single negative comment regarding her work performance in her previous 18 years of employment with Harper.

**ANSWER TO PARAGRAPH 32:** Defendant denies the allegations contained in paragraph 32.

33. On February 16, 2006, Ms. Badiano met with Lundquist and Daniel Corr, Associate Vice President Academic Affairs and Dean of Language Studies, to request an accommodation for her disability. At that meeting, Corr informed Ms. Badiano that he could do nothing to accommodate her disability and that she should seek help from Human Resources.

**ANSWER TO PARAGRAPH 33:** Defendant admits that a meeting between Plaintiff, Corr and Lundquist occurred on February 16, 2006 and denies the remaining allegations of paragraph 33.

34. On April 20, 2006, Ms. Badiano met with representatives from Harper's Human Resources Department to again request an accommodation for her disability. Human Resources also stated that Harper could do nothing to help her and suggested she apply for disability insurance through the State University Retirement Systems of Illinois ("SURS").

**ANSWER TO PARAGRAPH 34:** Defendant admits that on April 20, 2006, Plaintiff went to Human Resources to request a medical leave of absence and denies the remaining allegations of paragraph 34.

35. None of Harper's personnel ever discussed an alternative accommodation with Ms. Badiano.

**ANSWER TO PARAGRAPH 35:** Defendant denies the allegations contained in paragraph 35.

36. The last day Ms. Badiano actually performed work for Harper was April 21, 2006, at which time she applied for disability insurance, as Human Resources had suggested.

**ANSWER TO PARAGRAPH 36:** Defendant admits that Plaintiff's last day of active employment was April 21, 2006, and denies the remaining allegations of paragraph 36.

37. On or about April 21, 2006, in spite of her earlier refusal to rearrange the schedule so that Ms. Badiano would not have to work at night and would still be able to attain 29 hours a week, Lundquist gave Ms. Badiano's night shift to an employee who had previously offered to trade shifts with Ms. Badiano.

**ANSWER TO PARAGRAPH 37:** Defendant denies the allegations contained in paragraph 37.

38. On October 9, 2006, Ms. Badiano was denied disability insurance when Harper informed SURS that her position did not require her to work at night.

**ANSWER TO PARAGRAPH 38:** Defendant denies the allegations contained in paragraph 38.

39. Harper terminated Ms. Badiano's employment on December 1, 2006, while she was appealing SURS's determination that she was not eligible for disability insurance.

**ANSWER TO PARAGRAPH 39:** Defendant admits that the Plaintiff's last day of employment was December 1, 2006 and denies the remaining allegations contained in paragraph 39.

40. As a result of her stress and humiliation associated with her request for accommodation, criticism of her work, and losing her job, Ms. Badiano's incidence of seizures increased and her level of cognitive function decreased dramatically.

**ANSWER TO PARAGRAPH 40:** Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 40 and therefore denies the allegations.

41. In November 2007, SURS finally approved Ms. Badiano for disability insurance, based on her neurologist's diagnosis that she is unable to work.

**ANSWER TO PARAGRAPH 41:** Defendant is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 41 and therefore denies the allegations.

42. Ms. Badiano's inability to work stems from Harper's treatment of her with respect to her disability.

**ANSWER TO PARAGRAPH 42:** Defendant denies the allegations contained in paragraph 42.

43. In June 2007, the Equal Employment Opportunity Commission determined that there was reasonable cause to believe that Harper discriminated against Ms. Badiano by denying her a reasonable accommodation and retaliated against her after she requested an accommodation for her disability.

**ANSWER TO PARAGRAPH 43:** Defendant admits the allegations contained in paragraph 43.

## COUNT I

44. Plaintiff restates and realleges paragraphs 1 through 43 as paragraph 44 of this Count I.

**ANSWER TO PARAGRAPH 44:** Defendant restates its responses to paragraphs 1 through 43 as its response to paragraph 44.

45. By virtue of the foregoing, Plaintiff is a qualified individual with a disability for the purposes of the Americans with Disabilities Act ("ADA").

**ANSWER TO PARAGRAPH 45:** Defendant denies the allegations of paragraph 45.

46. By virtue of the foregoing, Defendant failed to provide reasonable accommodations for Plaintiff, in violation of the ADA.

**ANSWER TO PARAGRAPH 46:** Defendant denies the allegations of paragraph 46.

47. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER TO PARAGRAPH 47:** Defendant denies the allegations of paragraph 47.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought and requests that judgment be entered for the Defendant.

## COUNT II

48. Plaintiff restates and realleges paragraphs 1 through 47 as paragraph 48 of this Count II.

**ANSWER TO PARAGRAPH 48:** Defendant restates its responses to paragraphs 1 through 47 as its response to paragraph 48.

49. By virtue of the foregoing, Defendant retaliated against Plaintiff for requesting a reasonable accommodation, in violation of the ADA.

**ANSWER TO PARAGRAPH 49:** Defendant denies the allegations of paragraph 49.

50. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER TO PARAGRAPH 50:** Defendant denies the allegations of paragraph 50.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought and requests that judgment be entered for the Defendant.

## COUNT III

51. Plaintiff restates and realleges paragraphs 1 through 50 as paragraph 51 of this Count III.

**ANSWER TO PARAGRAPH 51:** Defendant restates its responses to paragraphs 1 through 50 as its response to paragraph 51.

52. By virtue of the foregoing, Plaintiff is an otherwise qualified individual with a disability for the purposes of the Rehabilitation Act of 1973 (the "Rehabilitation Act").

**ANSWER TO PARAGRAPH 52:** Defendant denies the allegations of paragraph 52.

53. By virtue of the foregoing, Defendant failed to provide reasonable accommodations for Plaintiff, in violation of the Rehabilitation Act.

**ANSWER TO PARAGRAPH 53:** Defendant denies the allegations of paragraph 53.

54. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation, and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER TO PARAGRAPH 54:** Defendant denies the allegations of paragraph 54.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought and requests that judgment be entered for the Defendant.

## COUNT IV

55. Plaintiff restates and realleges paragraphs 1 through 54 as paragraph 55 of this Count IV.

**ANSWER TO PARAGRAPH 55:** Defendant restates its responses to paragraphs 1 through 54 as its response to paragraph 55.

56. By virtue of the foregoing, Defendant retaliated against Plaintiff for requesting a reasonable accommodation, in violation of the Rehabilitation Act.

**ANSWER TO PARAGRAPH 56:** Defendant denies the allegations of paragraph 56.

57. As a result of this violation, Plaintiff has suffered emotional distress, humiliation, degradation and other damages of both a pecuniary and non-pecuniary nature.

**ANSWER TO PARAGRAPH 57:** Defendant denies the allegations of paragraph 57.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought and requests that judgment be entered for the Defendant.

## AFFIRMATIVE DEFENSES

1. Plaintiff is not disabled under the Americans with Disabilities Act.

2. Plaintiff is not substantially limited in a major life activity under the Americans with Disabilities Act.

3. Plaintiff is not an otherwise qualified individual under the Rehabilitation Act.

4. Assuming, *arguendo*, that Plaintiff is disabled under the Americans with Disabilities Act, Defendant complied with the Americans with Disabilities Act and the Rehabilitation Act, and provided Plaintiff a reasonable accommodation.

5. Plaintiff has failed to mitigate her damages.

6. Plaintiff cannot establish a *prima facie* case of disability discrimination under the Americans with Disabilities Act.

7. Plaintiff cannot establish a *prima facie* case of retaliation.

8. Plaintiff cannot establish a *prima facie* case of disability discrimination under the Rehabilitation Act.

9. Defendant's actions were motivated by legitimate, non-discriminatory and non-retaliatory reasons.

10. All or some of Plaintiff's claims may be barred, in whole or in part, by statutory governmental immunity.

11. Defendant, as a governmental body, is not liable for exemplary or punitive damages.

12. Plaintiff's claims are barred, in whole or in part, because intervening or superseding causes or actions caused the alleged harm to Plaintiff.

13. Defendant reserves its right to assert additional Affirmative Defenses upon discovery of facts not presently known.

Respectfully submitted,

**HARPER COLLEGE**

By: s/ Camille Cribaro-Mello
Camille Cribaro-Mello, One of
Defendant's Attorneys

Frank B. Garrett III, Atty No. 6192555
Camille Cribaro-Mello, Atty No. 6269578
ROBBINS, SCHWARTZ, NICHOLAS,
 LIFTON & TAYLOR, Ltd.
20 N. Clark Street, Suite 900
Chicago, Illinois 60602
Tel: (312) 332-7760
Fax: (312) 332-7768